# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL NO. 1:07CV390
## (1:06CR5)

| | |
|---|---|
| STACEY SHAWN McABEE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **MEMORANDUM** |
| ) | **AND ORDER** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on the Petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct sentence. No response is necessary from the Government.

## I. STANDARD OF REVIEW

A prisoner in federal custody may attack his conviction and sentence on the grounds that it is in violation of the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or is otherwise subject to collateral attack. **28 U.S.C. § 2255.** However,

> [i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

**Rule 4, Rules Governing Section 2255 Proceedings for the United States District Courts.** The Court, having reviewed the record of criminal proceedings, enters summary dismissal for the reasons stated herein.

## II. PROCEDURAL HISTORY

On February 8, 2006, Petitioner and ten co-Defendants were charged in a one count bill of indictment with conspiracy to manufacture and possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841 and 846. **Bill of Indictment, filed February 8, 2006.** Thereafter, the Petitioner entered into a plea agreement with the Government wherein he agreed to plead guilty to the charge contained in the indictment and the Government agreed that the amount of methamphetamine reasonably foreseeable by the Petitioner was at least 5 grams but at least 20 grams. **Plea Agreement, filed June 28, 2006.** On July 6, 2006, the Petitioner and his attorney appeared before the Magistrate Judge for a Rule 11 hearing at which time the Petitioner formally entered his guilty plea. **Rule 11 Inquiry**

**and Order of Acceptance of Plea, July 6, 2006.** At the conclusion of the Rule 11 hearing, the Magistrate Judge found the Petitioner had voluntarily and knowingly entered his plea of guilty and that he understood the charges, potential penalties, and consequences of his plea, and accepted the Petitioner's guilty plea. *Id*. **at 9.** On February 5, 2007, the Court sentenced Petitioner to a term of 78 months imprisonment. **Judgment in a Criminal Case, filed February 22, 2007**. Petitioner did not file an appeal.

On December 10, 2007, Petitioner filed his § 2255 motion alleging that, 1) his federal sentence should have been ordered to run concurrently to his state sentence on a related offense; and 2) his counsel was ineffective for assuring Petitioner that his federal sentence would run concurrent to his state court sentence.

### III.  DISCUSSION

Petitioner alleges that this Court erred by failing to order his federal sentence be served concurrently with his state sentence because his 2005 Florida state charge is directly related to his federal conviction.

**Petitioner's Motion to Vacate, at 5; Presentence Report, prepared December 13, 2006, ¶ 53.**

Petitioner did not raise this issue on direct appeal. Claims that could have been raised on appeal but were not are procedurally defaulted. **See Bousley v. United States, 523 U.S. 614, 621-22 (1998) ("Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal.") (quotations omitted).** Consequently, this claim is procedurally defaulted. To obtain review of a defaulted claim, a petitioner must first demonstrate either "cause and actual prejudice" or that he is "actually innocent."[1] **Id. at 622 (quotations and internal citations omitted).** Ineffective assistance of counsel may constitute cause for default. **See Wright v. Angelone, 151 F.3d 151, 160, n.5 (4th Cir. 1998) (constitutionally ineffective assistance of counsel establishes cause sufficient to excuse procedural default)**. Although Petitioner does assert an ineffective assistance of counsel claim, he does not do so with respect to the failure to raise this issue on appeal. Consequently, this Court holds that Petitioner's sentencing error claim is procedurally barred.

---

[1] Petitioner does not allege that he is actually innocent of the crime charged herein.

Moreover, even if Petitioner's claim were not procedurally barred, it is without merit. The Court was well within its authority to impose a consecutive sentence. "[I]f a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively[.] . . . Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." **18 U.S.C. § 3584(a).** The Sentencing Guidelines likewise instruct that a sentencing court has the discretion to run a federal sentence consecutively or concurrently with a state sentence where, such as here, the offense level was not increased by the relevant conduct offense. **U.S.S.G. § 5G1.3.** Therefore, it was not error for Petitioner's federal sentence to be ordered served consecutively to his state sentence.

In his second claim, Petitioner alleges he received ineffective assistance of counsel because his trial counsel assured him that his federal sentence would run concurrent to his state sentence. **Petitioner's Motion, at 6.**

In considering the Petitioner's claims of ineffective assistance of counsel,

> [f]irst, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

**Strickland v. Washington, 466 U.S. 668, 686 (1984).** Unless a defendant makes both showings, his claim of ineffective assistance of counsel must fail. **Id.** Thus, a defendant must show that counsel's performance fell below objective standards of reasonableness, and, that but for counsel's conduct, there was a reasonable probability the result would have been different. **Id., at 688; Hill v. Lockhart, 474 U.S. 52 (1985); Fields v. Attorney Gen., 956 F.2d 1290 (4th Cir. 1992).** In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. **Strickland, supra, at 689; Fields, supra, at 1297-99.**

Moreover, a petitioner who alleges ineffective assistance of counsel following the entry of a guilty plea must overcome an even higher burden. **Hill, supra, at 53-59.** In order to establish the requisite prejudice in challenging a conviction after a guilty plea, a petitioner must show that "'there is a reasonable probability that, but for counsel's errors, he would

not have pleaded guilty and would have insisted on going to trial.'" **Hooper v. Garraghty**, 845 F.2d 471, 475 (4th Cir. 1988 ) (quoting *Hill, supra*, at 59). This objective determination is based on whether going to trial might reasonably have resulted in a different outcome. **Hill, *supra*, at 59-60.**

In the instant case, Petitioner fails to establish that he was prejudiced. Indeed, Petitioner fails even to suggest that but for this alleged error of counsel he would not have pled guilty and would have insisted on going to trial. Moreover, a review of the criminal record reveals facts that support the conclusion that a reasonable defendant would have pled guilty rather than insisting on going to trial. **See Slavek v. Hinkel**, 359 F. Supp. 2d 473, 494 (E.D. Va. 2005) (failed to demonstrate that a "reasonable defendant, properly counseled, would not have pled guilty and would have insisted on going to trial"). Petitioner received a 78 month sentence. The record shows Petitioner was indicted for conspiracy to manufacture and possess with intent to distribute at least 50 grams of methamphetamine. He stipulated in his plea agreement that he was responsible for 5 grams but no more than 20 grams of actual methamphetamine. **Plea Agreement, *supra*.** However, Petitioner's presentence report states he was responsible for in excess of 150 grams

of actual methamphetamine which would have resulted in a base offense level of 34.  **Presentence Report,** *supra***, ¶ 84; U.S.S.G.  § 2D1.1.**  With no adjustment for acceptance of responsibility or motion for downward departure, Petitioner's ultimate offense level would have been 37.[2]  An offense level of 37 combined with a criminal history category of IV results in a Guideline range between 292 and 365 months.  Thus, he would have faced a substantially longer term of imprisonment had he not pled guilty.  Given the overwhelming evidence against him – direct seizure of methamphetamine and a confession – and the significantly higher sentence he faced, this Court concludes that a reasonable defendant would not have proceeded to trial even if the defendant knew he faced a possible consecutive sentence to his state sentence.   The Court, therefore, concludes that the Petitioner has failed to show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," thus, the second prong of *Strickland* need not be reached.  **Strickland, supra**.

---

[2] Petitioner received a three-level enhancement for creating a substantial risk of harm.  **See Presentence Report,** *supra***, ¶ 27.**

## IV. ORDER

**IT IS, THEREFORE, ORDERED** that the Petitioner's motion to vacate, set aside, or correct sentence filed pursuant to 28 U.S.C. § 2255 is **DENIED**. A Judgment dismissing this action is filed herewith.

Signed: January 25, 2008

Lacy H. Thornburg
United States District Judge