IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:06 CR 05-8

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| STACEY SHAWN McABEE, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

THIS CAUSE came on before the undersigned pursuant to a Violation Report (#291) filed by the United States Probation Office alleging that Defendant had violated terms and conditions of his prehearing release. At the call of this matter on for hearing it appeared that Defendant was present with his counsel, Anthony A. Coxie, and the Government was present through Assistant United States Attorney, John Pritchard. From the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the Defendant, and the records in this cause, the Court makes the following findings.

**Findings**: At the call of this matter, Defendant, by and through his attorney, admitted the allegation contained in the Violation Report. The Government introduced, without objection, the Violation Report into evidence.

On January 20, 2015 the United States Probation Office filed a Petition

1

(#275) alleging that Defendant had violated terms and conditions of his supervised release. In the Petition it was alleged Defendant had violated the terms and conditions of his supervised release by using methamphetamine on January 11, 2015; by having in his possession methamphetamine and drug paraphernalia; by committing the offense of felony possession of methamphetamine; and by committing the misdemeanor offense of possession of drug paraphernalia. After conducting an initial appearance hearing for Defendant, the undersigned conducted a detention hearing for Defendant on January 30, 2015. In an Order entered on that date and thereafter in an addendum (#281 & #282), the undersigned entered an Order detaining Defendant pending a hearing on the allegations contained in the Petition.

On February 8, 2015, Defendant's counsel filed a motion requesting that the undersigned enter an Order releasing Defendant so he could obtain drug treatment. After a hearing on February 13, 2015, the undersigned entered an Order releasing Defendant on terms and conditions of release which required Defendant to participate in a program of inpatient or outpatient substance abuse therapy and counseling. (#290, 8(r)) Defendant was then released to attend inpatient treatment. It is now alleged in the Violation Report that Defendant violated the terms and conditions of release by being discharged unsuccessfully from the

inpatient treatment program due to his becoming aggressive and intimidating to other persons who were being treated. Defendant has admitted this allegation.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer -----

> (1) finds that there is----
> (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
> (B) clear and convincing evidence that the person has violated any other condition of release; and
> (2) finds that ---
> (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
> (B) the person is unlikely to abide by any condition or combination of conditions of release.

> If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

Based upon the evidence, the undersigned finds by clear and convincing evidence that Defendant has violated the term and condition of release which required him to participate in an inpatient substance abuse program. Defendant has clearly violated the condition that required him to participate in the program in that he was discharged from the program unsuccessfully.

The undersigned has also considered the factors as set forth under 18 U.S.C. § 3142(g). As a part of such consideration, the undersigned has reviewed the Detention Order (#282) entered by the undersigned on February 3, 2015 and incorporates the findings made in the addendum by reference. From those findings, it appears there is no condition or combination of conditions of release that will assure that Defendant will not pose a danger to the safety of any other person or the community. It is the opinion of the undersigned that based upon Defendant's actions, it is unlikely that Defendant will abide by any condition or combination of conditions of release. As a result of the above referenced findings, the undersigned has determined to enter an order revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining Defendant.

**ORDER**

**IT IS, THEREFORE**, **ORDERED** that the unsecured bond and the terms and conditions of pretrial release are hereby **REVOKED** and it is **ORDERED** that Defendant be detained pending further proceedings in this matter.

Signed: March 3, 2015

Dennis L. Howell
United States Magistrate Judge