## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## CRIMINAL CASE NO. 1:06-CR-00005-MR-DLH

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **O R D E R** |
| ) | |
| **STACEY SHAWN MCABEE,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's letter [Doc. 363], which the Court construes as a motion for jail credit. The Defendant states that he spent 28 days at McLeod in connection with its in-patient substance abuse program, and he requests an Order directing that he be given credit for that time. [Id.].

On November 3, 2016, the Defendant was arrested for using or possessing drugs and alcohol in violation of the terms of his supervised release. On November 9, 2016, upon the Defendant's Motion, the Court released the Defendant so that he could participate in McLeod's in-patient substance abuse program. [Doc. 352]. On January 26, 2017, the Defendant was sentenced to a term of 8 months' imprisonment. [Doc. 361]. The

Defendant's Judgment is silent as to whether or how much the Defendant should be credited for his time in the substance abuse program. [See Id.].

It is the Attorney General, not the sentencing court, who is responsible for computing a prisoner's credit. United States v. Wilson, 503 U.S. 329, 335 (1992). A prisoner seeking review of the computation of his sentence credit must first seek administrative review of that computation through the Bureau of Prisoners. Only after such administrative remedies have been exhausted can a prisoner then seek judicial review of his sentence computation. Id. Further, because "[a] claim for credit against a sentence attacks the computation and execution of a sentence rather than the sentence itself," United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989), such claims must be raised pursuant to 28 U.S.C. § 2241 in the district of confinement. In re Jones, 226 F.3d 328, 332 (4th Cir. 2000); 28 U.S.C. § 2241(a).

Accordingly, the Defendant should address his inquiry regarding the status of his sentence to the Bureau of Prisons. Once his BOP administrative remedies have been exhausted, the Defendant may seek judicial review in the district of his confinement.

**IT IS, THEREFORE, ORDERED** that the Defendant's letter [Doc. 363], which the Court construes as a motion for jail credit, is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Signed: March 29, 2017

Martin Reidinger
United States District Judge